In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00157-CR**
_____

**STANLEY DEWAYNE BANKS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-12-18428-CR**

## MEMORANDUM OPINION

A grand jury indicted Appellant Stanley Dewayne Banks Jr. ("Appellant" or "Banks") for evading arrest or detention with a motor vehicle, and the indictment also alleged that Banks used a deadly weapon, namely a motor vehicle, during the commission of the offense or during the immediate flight therefrom. Banks pleaded "not guilty" to the offense. The jury found Banks guilty of evading arrest or detention as alleged in the indictment and found that Banks used or exhibited a deadly weapon, namely a motor vehicle, during the commission of the offense or during the

1

immediate flight therefrom. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A). The jury assessed punishment at seven-and-a-half years in prison with no recommendation of probation, and the trial court sentenced Banks in accordance with the jury's verdict. Banks timely filed his appeal.

On appeal, Appellant's court-ordered attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Banks to file a pro se brief, and we received no response from Banks.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new

2

counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on January 29, 2025
Opinion Delivered February 5, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Banks may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.